CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 16 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:09CR00002 |
| | ) | (CASE NO. 7:11CV80376) |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| DORRAINE KAY COVINGTON, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Dorraine Kay Covington, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Covington is challenging the validity of her confinement pursuant to the judgment of this court entered August 13, 2009, whereby she was convicted of conspiracy to manufacture and distribute heroin. Upon consideration of the § 2255 motion and the record, the court concludes that the action must be summarily dismissed as untimely filed.[1]

I

Charged in a multi-count indictment with conspiracy to distribute heroin and related drug charges, Covington pleaded guilty to the conspiracy charge, pursuant to a written plea agreement. In exchange for her guilty plea, the government moved for dismissal of the remaining counts against her and agreed not to seek an enhancement of her sentence, based on her prior drug-trafficking conviction(s). Pursuant to the plea agreement, Covington stipulated that for sentencing purposes, she should be held responsible for between 100 and 400 grams of heroin and that she waived her right to appeal and her right to collaterally attack "any order issued" in her case.

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

Covington's presentence report (PSR) found that based on 100 to 400 grams of heroin, her base offense level was 26, reduced by three levels for acceptance of responsibility, for a total offense level of 23. Given her criminal history category VI, she faced a guideline sentencing range of 92-115 months imprisonment.[2] The parties filed no objections to the findings in the PSR. At the sentencing hearing, the government moved for a sentence below the guideline range, based on substantial assistance Covington had provided. The court sentenced her to 80 months imprisonment and ordered her to pay $1000 in restitution. She did not appeal.

Covington signed and dated her § 2255 motion on October 23, 2011. The court filed the § 2255 motion conditionally, notified Covington that it appeared to be untimely under § 2255(f), and granted her an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court specifically advised the defendant that failure to provide such information would result in dismissal of the action as untimely. She has filed no additional information regarding the timeliness of her motion.

In her § 2255 motion, Covington asserts her belief that the court denied her due process by failing to structure her sentence to include home confinement in light of her medical problems and history. She faults the court for turning the execution of her sentence over to the Bureau of Prisons (BOP).[3] Covington explains that she suffers from Hepatitis C, late-stage cirrhosis of the liver,, "COPD," a bad gall bladder, a bad spleen, and a low platelet count. She asserts that she needs unspecified medical attention that is not available at the United States Carswell. She states

---

[2] Absent the plea agreement, Covington's total offense level would have been 26, resulting in a sentencing range of 120 to 150 months.

[3] The court has received only one letter from Covington since the conditional filing order informed her that her § 2255 motion was untimely, and this letter offers no information relevant to the timeliness issue. She merely asks the court to review her medical records and to help her achieve early release so that she can receive treatment for an unspecified medical problem. In earlier communications, the court has advised Covington that only the Director of the Bureau of Prisons can pursue such a motion, pursuant to 18 U.S.C. § 3582(c)(1)(A).

2

that she has pursued two petitions for compassionate release, both of which were rejected by prison officials. She asserts that if she can be released to home confinement, her family has agreed to help her with her medical care needs.

**II**

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, the conviction becomes final when the defendant's opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, judgment was entered against Covington on August 13, 2009. Because she did not appeal the judgment, her conviction became final on August 27, 2009, when her opportunity to appeal expired. See Fed. R. App. P. 4(b)(1)(A). She then had one year–until August 27, 2010

3

–in which to file a timely § 2255 motion. Because she filed her § 2255 motion, at the earliest, on October 23, 2011, her motion is untimely under § 2255(f)(1).

Covington fails to present any facts on which she would be entitled to have her filing period calculated under any of the other subsections of § 2255(f). She alleges that her medical conditions have gotten worse since her incarceration. However, her § 2255 claim itself asserts that the court should initially have structured her sentence to allow home confinement based on medical needs, suggesting that she rests her motion on conditions known to the court at the time of sentencing. Covington also offers no ground on which the court could find that equitable tolling of the filing period is warranted. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (finding that "a litigant seeking equitable tolling [of § 2255(f) filing deadline] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from filing a timely petition); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

For the reasons stated, the court concludes that Covington's § 2255 motion must be dismissed as untimely filed.[4] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 15th day of December, 2011.

/s/ Glen Conrad

Chief United States District Judge

---

[4] In any event, Covington's submissions indicate that she is being provided medical care by BOP officials. For example, attached medical records from February 2010, after her incarceration in the BOP, reflect that she was evaluated by medical professionals at the Monogalia General Hospital in Morgantown, West Virginia; these records list medical test results and multiple medications prescribed for her upon discharge. Furthermore, nothing in Covington's submissions indicates that BOP medical staff members are aware of any particular medical treatment Covington needs that is unavailable to her in the BOP facility where she is currently confined.

4